BEFORE THE THIRD DIVISION, APRIL 10, 1957

**No. 60629.**—Arnart Imports, Inc. *v.* United States, protests 291619–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of switch plates, wholly or in chief value of porcelain, used as an essential part of electrical apparatus and known as electrical porcelain ware, other, the claim of the plaintiff was sustained.

**No. 60630.**—Wallner & Mayer, Inc., and H. W. Robinson & Co., Inc. *v.* United States, protest 254656–K (New York).

Opinion by JOHNSON, J. It was stipulated that the principles herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that one case, reported by the inspector as manifested, not found, was not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon the one case of merchandise, which was reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 60631.**—Bel Paese Sales Co., Inc., and Hudson Shipping Co., Inc. *v.* United States, protest 245842–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the net weight of the 200 cases of cheese involved herein was 20,622 pounds, the collector was directed to reliquidate the entry on the basis of said weight.