BEFORE THE THIRD DIVISION, NOVEMBER 27, 1959

**No. 63539.**—Arnart Imports, Inc. *v.* United States, protests 58/15111 and 58/15116 (New York).

JOHNSON, Judge:  The merchandise in these cases consists of porcelain switch plates assessed with duty by the collector at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified.  It is claimed that the merchandise is properly dutiable at 33 per centum ad valorem under said paragraph, as modified.

At the trial, the entry papers forwarded by the collector, the collector's letter of transmission, and the protest were received in evidence, and it was agreed by counsel that the facts set forth therein were true and correct.  Counsel for the plaintiff stated:

The protest is against the assessment of duty on switch plates assessed for duty under the porcelainware provision and are claimed to be dutiable under the specific provision for electrical porcelainware, and accordingly dutiable as such under the Collector's letter of transmission.

The collector's letter of transmission in protest No. 58/15111 states:

The Appraiser's description of the merchandise, made in accordance with Section 500(a)(4), Tariff Act of 1930, and Section 14, Customs Regulations of

1943, was accepted and adopted by this office in liquidation and the merchandise was originally classified and assessed for duty by this office at 45% under the provisions of Paragraph 212 of the Tariff Act of 1930.

Follwoing [sic] B/L to 44421 dated 9/28/56 the merchandise would now be properly classified at 35% under paragraph 212 of the Tariff Act of 1930.

A similar letter was written in connection with the entry covered by protest No. 58/15116.

It appears from the entry papers that the merchandise involved herein was entered for warehouse on July 24, 1956, August 4, 1956, and on September 7, 1956, respectively, at which time the rate of duty on electrical porcelainware was 33 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108. There is nothing in the record indicating that a different rate was in effect at the time of withdrawal.

On the record presented, we hold that the merchandise involved herein, porcelain switch plates, is properly dutiable at 33 per centum ad valorem under paragraph 212, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as electrical porcelain ware. *Arnart Imports, Inc.* v. *United States*, 38 Cust. Ct. 465, Abstract 60629.

The protests are sustained and judgment will be rendered for the plaintiff.

CONCURRING OPINION

DONLON, Judge: There are under paragraph 212 several modified rates of 35 per centum, the tariff rate which was conceded in the collector's letters of transmittal and which the parties have stipulated as correct. However, the parties have also stipulated that the merchandise is electrical porcelainware, as described in the entry papers.

Pursuant to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, the modified tariff rate for electrical porcelainware at the date of entry was 33 per centum ad valorem, T.D. 54108. That is the rate which plaintiff claimed in the protests.

Stipulation of a tariff rate for particular merchandise is the attempted stipulation of law. Stipulation of law is not permitted. The apparent error in the tariff rate as stipulated is immaterial, as that stipulation must be ruled out.

On the *facts* that have been stipulated, I concur with the decision of Judge Johnson.